Case 4:24-cv-01253   Document 30   Filed on 02/26/25 in TXSD   Page 1 of 4

United States District Court
Southern District of Texas
**ENTERED**
February 26, 2025
Nathan Ochsner, Clerk

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| **JYHEIM DILLON,** | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION No. 4:24-cv-1253 |
| | § | |
| **TUSHIG INC. AND JOHN DOE,** | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM AND RECOMMENDATION

Pending before the Court[1] is Defendant Tushig, Inc.'s ("Defendant") Motion to Set Aside Default Judgment and Motion for Extension to File Original Answer. (ECF No. 27). Based on a review of the motion, arguments, and relevant law, the Court **RECOMMENDS** Defendant's motion (*id.*). be **GRANTED**.

### I.   Background

On April 15, 2024, Plaintiff Jyheim Dillon ("Plaintiff") filed a Return of Service, stating Defendant had been served via its registered agent. (ECF No. 9). Defendant did not answer, and Plaintiff moved for an entry of default, which was granted on August 14, 2024. (*See* ECF Nos. 10–11). On September

---

[1] On October 28, 2024, this case was referred to the Undersigned for all purposes pursuant to 28 U.S.C. § 636(b)(1)(A) and (B) and Federal Rule of Civil Procedure 72. (ECF No. 14).

24, 2024, Plaintiff filed a Motion for Default Judgment. (ECF No. 12). After holding a hearing on the matter, the Undersigned recommended Plaintiff's Motion for Default Judgment be granted in part. (ECF No. 21). When no party objected, the Memorandum and Recommendation was adopted on January 7, 2025, and judgment was entered against Defendant. (ECF Nos. 22–23). Now, Defendant has appeared and seeks to set aside both the default and the default judgment and seeks an extension of time to file an Answer to Plaintiff's Complaint. (ECF No. 27).

## II. Legal Standard

Federal Rule of Civil Procedure ("Rule") 55(c) states that a "court may set aside . . . a default judgment under Rule 60(b)." FED. R. CIV. P. 55(c). Rule 60(b) provides, in relevant part, that "[o]n motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect." FED. R. CIV. P. 60(b)(1). The Fifth Circuit applies Rule 60(b) "most liberally to judgments in default" because "[t]runcated proceedings of this sort are not favored" and, "unless it appears that no injustice was done by the judgment, the equities in such cases will militate strongly in favor of relief." *Harrell v. DCS Equip. Leasing Corp.*, 951 F.2d 1453, 1459 (5th Cir. 1992) (quoting *Seven Elves, Inc. v. Eskenazi*, 635 F.2d 396, 403 (5th Cir. 1981)) (internal quotation marks omitted) (alterations in the original).

In determining whether good cause exists to set aside a default judgment under Rule 60(b)(1), courts examine the following factors: "whether the default was willful, whether setting it aside would prejudice the adversary, and whether a meritorious defense is presented." *Jenkens & Gilchrist v. Groia & Co.*, 542 F.3d 114, 119 (5th Cir. 2008). This Court enjoys considerable discretion when determining whether the moving party has satisfied any of Rule 60(b)'s standards, *Teal v. Eagle Fleet, Inc.*, 933 F.2d 341, 347 (5th Cir. 1992), and the Court should resolve all doubts in favor of granting relief so that the matter may be determined on its merits. *See Jenkens*, 542 F.3d at 123.

### III. Discussion

Defendant contends its failure to file an answer was due to "a mistake, inadvertence, surprise, or excusable neglect." (ECF No. 27 at 1). Further, in the affidavit attached to Defendant's motion, Defendant's owner stated she had no record of the subject accident and received service but thought it was a mistake because it was addressed to a John Doe. (ECF No. 27-1 at 1). Plaintiff filed a response, stating he is unopposed to Defendant's motion. (ECF No. 29 at 1).

Given that Plaintiff is unopposed and the strong preference that cases be decided on the merits, the Court recommends that Defendant is entitled to have the default judgment set aside. *See G & C Land v. Farmland Mgmt. Servs.*, No. 5:12-cv-134, 2012 WL 12863112, at *3 (N.D. Tex. Oct. 12, 2012); *Joe*

3

*Hand Promotions, Inc. v. Gizmo's Sports Bar & Grill, LLC*, No. 1:18-cv-4889, 2019 WL 13233220, at *1 (N.D. Ga. Mar. 22, 2019).

## IV. Conclusion

Based on the foregoing, the Court **RECOMMENDS** Defendant's Motion to Set Aside Default Judgment and Motion for Extension to File Original Answer (ECF No. 27) be **GRANTED,** and the Default Judgment be **VACATED**. If adopted, the Court **FURTHER RECOMMENDS** Defendant be given twenty-one days to file an answer to Plaintiff's Complaint.

The Clerk shall send copies of this Memorandum and Recommendation to the respective parties who have fourteen days from the receipt thereof to file written objections thereto pursuant to Federal Rule of Civil Procedure 72(b) and General Order 2002-13. Failure to file written objections within the time period mentioned shall bar an aggrieved party from attacking the factual findings and legal conclusions on appeal.

**SIGNED** in Houston, Texas on February 26, 2025.

Richard W. Bennett
United States Magistrate Judge